IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IVAN L. MENDEZ,                       :
                                      :
        Plaintiff,                    :
                                      :
              v.                      :   Civ. Action No. 08-364-JJF
                                      :
RUTH MATRUDER SMYTHE,                 :
JANE DOE I, JANE DOE II,              :
TIMOTHY L. HITCHINGS,                 :
and PUBLIC DEFENDER'S                 :
OFFICE OF DELAWARE,                   :
                                      :
        Defendants.                   :

Ivan L. Mendez, Pro se Plaintiff, James T. Vaughn Correctional
Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

October 21, 2008
Wilmington, Delaware

Joseph J. Farnan Jr.
**Farnan, District Judge.**

Plaintiff Ivan L. Mendez ("Mendez"), an inmate at the James
T. Vaughn Correctional Center ("VCC"), formerly known as the
Delaware Correctional Center, ("DCC"), Smyrna, Delaware, filed
this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro
se and has been given leave to proceed in forma pauperis pursuant
to 28 U.S.C. § 1915. (D.I. 4.)

For the reasons discussed below, the Court will dismiss the
Complaint as frivolous and for failure to state a claim upon
which relief may be granted pursuant to 28 U.S.C. 28
1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).

## I. BACKGROUND

Plaintiff alleges that he is "raising this legal form"
against Defendants attorney Ruth Matruder Smythe ("Smythe"),
attorney Timothy L. Hitchings ("Hitchings"), the Public
Defender's Office of Delaware ("Public Defender"), Jane Doe I
("Doe I") and Jane Doe II ("Doe II") for all of the "damages,
abuses, and for all of the evil that they have done to [him]".
(D.I. 2.) Plaintiff alleges that his mandatory time was due last
year on December 23, 2007, but no one, except some staff workers,
would help him. Plaintiff alleges that individuals not named
were sent to kill, abuse, damage, and do all kinds of evil to
him.

2

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly,

3

-U.S.-, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. However, fantastical or delusional claims that are clearly baseless are insufficient to withstand the

4

Court's evaluation for frivolity dismissal under §
1915(e)(2)(B)(i).  See Denton v. Hernandez, 504 U.S. 25, 33
(1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Because
Plaintiff proceeds pro se, his pleading is liberally construed
and his Complaint, "however inartfully pleaded, must be held to
less stringent standards than formal pleadings drafted by
lawyers.  Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007)
(citations omitted).

## III.  ANALYSIS

### A.  Eleventh Amendment Immunity

Plaintiff names as a Defendant the Public Defender.  The
Office of the Public Defender is an agency of the State of
Delaware, created by the General Assembly to represent indigent
defendants in criminal cases.  29 Del. C. § 4602.  By naming the
Office of the Public Defender, Plaintiff is actually naming the
State of Delaware as a defendant in this action.

The Eleventh Amendment of the United States Constitution
protects an unconsenting state or state agency from a suit
brought in federal court by one of its own citizens, regardless
of the relief sought.  See Pennhurst State Sch. & Hosp. v.
Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651
(1974).  The State has not waived its immunity from suit in
federal court, and although Congress can abrogate a state's
sovereign immunity, it did not do so through the enactment of 42

5

U.S.C. § 1983. <u>Brooks-McCollum v. Delaware</u>, 213 Fed. Appx. 92,
94 (3d Cir. 2007) (citations omitted). Consequently, Plaintiff's
claim against the Public Defenders's Office has no arguable basis
in law or in fact. For the above reasons, the Court will dismiss
Plaintiff's claim against the Public Defender's Office as
frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(b)(1).

**B. State Actors**

Plaintiff names as Defendants attorneys Smythe, Hitchings,
Doe I, and Doe II. The Complaint states that Defendants are
employed at the Public Defender's Office. When bringing a § 1983
claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the
deprivation acted under color of state law. <u>West v. Atkins</u>, 487
U.S. 42, 48 (1988); <u>Moore v. Tartler</u>, 986 F.2d 682, 685 (3d Cir.
1993).

Public defenders do not act under color of state law when
performing a lawyer's traditional functions as counsel to a
defendant in criminal proceedings. <u>Polk County v. Dodson</u>, 454
U.S. 312 (1981); <u>Harmon v. Delaware Secretary of State</u>, 154 Fed.
Appx. 283, 284-85 (3d Cir. 2005). It may be that Defendant
attorneys are in private practice. Regardless, it matters not,
as these Defendants are not "clothed with the authority of state
law" and are not considered state actors. <u>See</u> <u>Reichley v.</u>

Pennsylvania Dep't of Agric., 427 F.3d 236, 244-45 (3d Cir. 2005); Biener v. Calio, 361 F.3d 206, 216-17 (3d. Cir. 2004). Finally, the Court finds Plaintiff's claims nonsensical. For the above reasons, the Court will dismiss the claims against Smythe, Hitchings, Doe I, and Doe II as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

Based upon the foregoing analysis, the Complaint will be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order will be entered.